# L. F. WILBUR *v.* EDWARD FLANNERY AND O. P. RAY, TR.

### *Clerk of Court. Trustee Process.*

Money in the possession of the clerk of the County Court, paid to him under a decree of the Court of Chancery, is attachable on trustee process, when the purpose of the legal custody has been accomplished, and the only duty of the clerk is to pay the money to the defendant.

TRUSTEE PROCESS. Heard on a commissioner's report, April Term, 1887, ROWELL, J., presiding. Judgment against the principal defendant; and judgment *pro forma* that the trustee be discharged. The case appears in the opinion of the court.

*L. F. Wilbur* and *W. L. Burnap*, for the plaintiff.

The statute of this State subjects every person to the trustee process having any goods, effects or credits of the principal defendant entrusted or deposited in his hands or possession, or which shall come to his hands or possession after the service of the writ and before disclosure is made. R. L. ss. 1068, 1071, 1079; *Hurlburt* v. *Hicks and Tr.* 17 Vt. 197; 59 Vt. 682; 18 Vt. 587.

The principal defendant could have maintained an action for money had and received against the trustee for these funds, especially after demand. *Prentiss* v. *Bliss*, 4 Vt. 515; *Denton* v. *Livingstone*, 9 Johns. 96; *Dale* v. *Birch*, 3 Camp. 346; *Longdill* v. *Jones*, 1 Stark, 276; *State* v. *St. Johnsbury*, 59 Vt. 337; *Hoyt* v. *Swift*, 13 Vt. 129; 9 Vt. 295.

Officers, clerks of court, etc., are amenable to trustee process, after the final order of the court as to the funds has passed. *Adams* v. *Bennett*, 2 N. H. 374; Drake Attach. p. 427; *Lovejoy* v. *Lee*, 35 Vt. 430; *Hurlburt* v. *Hicks*, *supra;* *Weaver*

Wilbur *v.* Ray.

v. *Davis,* 47 Ill. 235 ; *Gaither* v. *Ballew,* 4 Johns. (N. C. L.) 488 ; *Langdon* v. *Lockett,* 6 Ala. 729 ; 12 Md. 124 ; 19 Md. 233 ; 38 Md. 555 ; 3 Ala. 312 ; 5 N. H. 519 ; 38 Vt. 122 ; 30 Vt. 463, 701 ; 54 Vt. 526 ; 43 Vt. 67.

*Seneca Haselton,* for the defendant.

The clerk of the court cannot be held trustee under the circumstances of this case.   As a rule no person can be charged as trustee in respect of money which he holds in such a capacity that it may be said to be in the custody of the law.   The principle applies with peculiar force in the case of money in the hands of a public officer.   *Chesly* v. *Brewer,* 7 Mass. 259 ; *Brooks* v. *Cook,* 8 Mass. 246 ; *Clark* v. *Clark,* 62 Me. 255 ; *Conway* v. *Armington,* 11 R. I. 116 ; Drake Attach. pp. 492, 514 ; Bouvier L. Dict. Art. Attachment ; *Ross* v. *Clarke,* 1 Dallas, 354 ; *Voorhies* v. *Sessions,* 34 Mich. 99 ; *Drake* v. *McGavock,* 7 Hump. 132 ; *Allston* v. *Clay,* 2 Haywood, 171 ; *Dolphin* v. *Layton,* 4 L. R. C. P. Div. 130.

A sheriff is regarded the agent of the creditor rather than of the law ; and this is the reason why he can be held trustee. *Felker* v. *Emerson,* 17 Vt. 101.

The general principle stated above has, however, been fully recognized in this State, and such modifications of it as public policy has seemed to demand, have been made by statute. *Parks* v. *Cushman,* 9 Vt. 320 ; R. L. ss: 1070, 1072 ; *Bradley* v. *Richmond,* 6 Vt. 121.

See *Dunlap* v. *Patterson,* 74 N. Y. 145 ; *Trotter* v. *Lehigh Zinc and Iron Co.* 2 Cen. Rep. 737 ; *Fenton* v. *Fisher,* 106 Penn. 418.

The opinion of the court was delivered by

POWERS, J.   In execution of a decree of the Court of Chancery the defendant was ordered to deposit his deed of certain real estate in Underhill with the clerk of that court, upon a deposit with the clerk for the defendant of a certain sum of money.   The money and deed were both deposited

with the clerk in accordance with the decree. The deed was accepted and taken by the party entitled, and the money was ready to be paid to the defendant when it was attached by the plaintiff.

Both parties agree that money *in custodia legis.* cannot be attached by the trustee process; and the inquiry is whether the legal grip upon this money had been dissolved.

Our statute is broad and subjects the goods, effects and credits of a debtor in the hands of a third person to the trustee process.

The attaching creditor in such process stands upon the right which his debtor has as against the trustee.

In this case Mr. Ray held money in his hands belonging to the defendant. As clerk of the court he had no further claim upon it. The purpose for which the law gave him its custody had been fully accomplished, and the only duty remaining was to pay it over to the defendant upon his call. If Mr. Ray had refused to pay it to the defendant on demand, the defendant clearly would have an action for the money. This being so, the plaintiff, as a creditor of the defendant, may reach the fund by this process.

The only answer made by the defendant is, that on grounds of public policy, public officials should not be subjected to the trustee process; and this proposition is abundantly fortified by the exhaustive citation of authorities in the defendant's brief. But this case is outside the range of that proposition. Mr. Ray was a mere bailee of the money, not for the court, nor for the parties to the litigation. As respects the deed and the money, which was to be exchanged, each for the other, he was the stakeholder appointed to effect the exchange. Any third person might as well have been appointed as the clerk. A sheriff who has collected money upon an execution is liable to the trustee process. He receives such money under color of his office, and holds it as a public officer. But his process has no further vitality when the money is collected, and he has no remaining duty but to pay over the money.

Wilbur *v.* Ray.

In this case, if Mr. Ray had held the money to be paid over *when* the court should so order, he would be exempt from liability. But the order from the court to pay it over ante-dated its receipt by him, and he was directed to pay when the deed was delivered.

We can see no reason, under the language of our statute, why a clerk, under the circumstances detailed in the commissioner's report, should not be liable to the trustee process. The argument that he may be personally inconvenienced by being called away from his business applies to every other person exposed to this process.

The judgment is reversed, and judgment is rendered on the report that the trustee is chargeable in the amount of the plaintiff's judgment against the principal debtor, and that the trustee recover his costs.