### BYRON M. LEWIS *vs.* LUTHER E. HOPKINS.

First Judicial District, Hartford, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Since public officers, who are bound to transact the public business by certain rules and in certain forms, should not be exposed to the expense, inconvenience, and hazard incident to the process of garnishment, funds in the custody of the law are not subject to that process.

An action against a nonresident was begun by the garnishment of funds deposited by him with the prosecutor of a Town Court as cash bail for his appearance in a criminal action in such court. A Special Act (12 Special Laws, p. 939, § 20) authorized the prosecutor to take such bail, while § 6614 of the General Statutes requires that the clerk of the court should have the custody of it until a final order of the court disposing of it has been made. In this case the court made no such order, but the accused had paid the judgment of the court, and the judgment recited that he was thereupon discharged. *Held* that the cash bail came into the custody of the law when it was taken by the prosecutor, and remained in such custody until released by proper authority; that by the terms of the statute, no final order of court having been made, the fund never ceased to be in the custody of the law; and hence that it was not subject to garnishment.

Whether garnishment of a fund in court, ordered paid to its owner by the court, should not be permitted, after a reasonable opportunity has been given to comply with the order of court, especially if the failure to comply with the order has been due to the neglect of the public custodian of the fund, *quære.*

Whether the neglect of the court to make such order would in any circumstances dispense with the need of such order, *quære.*

Argued January 4th—decided June 1st, 1921.

ACTION to recover damages for an assault, for a slander, and for a trespass to land, brought before a justice of the peace and thence, by the defendant's appeal, to the Superior Court in Windham County (*Hinman, J.*), where judgment was rendered sustaining a plea in abatement filed by the defendant in the justice court, from which the plaintiff appealed. *No error.*

*Harry E. Back*, for the appellant (plaintiff).

*Elbert L. Darbie*, for the appellee (defendant).

WHEELER, C. J. The finding upon the hearing on the plea in abatement developed that this action was not begun otherwise than by the garnishment of $100 on deposit with the prosecuting attorney for the town of Killingly as bail for the defendant's appearance in a criminal action begun on June 20th, 1919, in the Town Court in said town. In this action the defendant pleaded guilty to a charge of breach of the peace, and was found guilty by the court, and paid the fine imposed, with the costs, on July 1st, 1919, and the judgment therein recites "and thereupon the said Luther Hopkins, having complied with said order, was discharged." The defendant is a nonresident, and no service was ever made upon him in this State, and no property of his other than the $100 was attached in this action, and he never voluntarily appeared or submitted himself to the jurisdiction of the court in this action. So far as the record discloses, no demand was ever made upon the prosecuting attorney by this defendant, or any one else, for the $100 so deposited with him, and the Town Court never made a final order disposing of the $100. The trial court rendered judgment on the plea in abatement in favor of the defendant, upon the ground that money placed in the custody of the prosecuting attorney was in the custody of the

law, and so remained while it continued in his keeping, and therefore was not the subject of garnishment.

"The pervading principle," as stated by us in *Stillman* v. *Isham,* 11 Conn. 124, 127, is, "that public officers, who are bound to transact the public business by certain rules, and in certain forms, shall not be exposed to the expense, the inconvenience and hazard incident to this process." What was deemed to be sound public policy incorporated this principle in our law. The $100 deposited with the prosecuting attorney of the town of Killingly, was cash bail given to secure the appearance of the defendant in the Town Court of Killingly to answer to a criminal process.

Special Laws of 1897 (Vol. 12) p. 939, § 20, authorized the prosecuting attorney to take such bail. It was deposited with him, not as the agent of the defendant to hold his money, but in his public capacity to meet the demands of the law. The plaintiff does not contest this construction of the Special Act. But he says that it has ceased to be in the custody of the law, first, because the prosecuting attorney is not authorized by law to retain the custody of cash bail, and during the two months he held this cash bail he held it wrongfully; and second, because, upon the payment of the fine and costs in the criminal action in which the bail was given, and his discharge by the judgment of the court, the defendant became entitled to the money, and it was thereafter subject to garnishment by a creditor of the defendant.

General Statutes, § 6614, provides that "in all criminal cases in which a bond is allowable or required . . . the accused person, or any person in his or her behalf, may deposit with . . . any person or officer authorized to accept bail, a sum of money equal to the amount called for by the bond. . . . Such cash bail shall be retained by such justice of the peace, or by the

clerk of such court, until a final order of the court disposing of the same shall be passed."

This provision makes the clerk the custodian of the fund. The prosecuting attorney was in duty bound to have turned over to the clerk of the court this cash bail. His retention of it was unlawful. It became the duty of the clerk to require the prosecuting attorney to turn over the cash bail to him. And the court should have compelled the performance of the official duty of each of these officials. But the fact that the prosecuting attorney failed to turn over this bail to the proper custodian, did not change the fund from cash bail to personal property of the defendant free from any obligation to meet the purpose for which the bail was given. If the default of the prosecutor involved this consequence, the appearance of the accused to meet the criminal charge would be imperilled. When the cash bail was deposited with the prosecutor it came into the custody of the law, to so remain until released by proper authority. Its character could not be changed by the failure of the prosecutor to turn it over to the clerk. It came into his possession to answer a public demand, and as long as he held it it continued to be cash bail. The only authority who could order the disposal of this fund was the court. Since the court has made no final order regarding the disposal of the fund, it has not ceased to be in the custody of the law. It follows from this that the prosecutor, as garnishee, could not make a disclosure admitting the ownership of the defendant of this fund, which would prevent the defendant attacking the validity of the garnishment. What the prosecutor said, or did not say, about the fund, could have no effect in determining the character of the fund. We see the character of the fund in his hands and look behind his words at the true facts.

Neither are we disposed to agree with the plaintiff in

his claim that the payment of the fine and costs and the order for the discharge of the defendant became a final order disposing of this bail. The terms of the statute are express, and unless these are to be disregarded, the fund remains in the custody of the court until it passes its final order.

The control which this statute imposes distinguishes this case from cases where the attachment succeeds an order of court for the payment of the fund in court to some one entitled to receive it. In such situations the authorities are not in entire agreement. Whether, in like circumstances, we should sustain a garnishment, as the Vermont Supreme Court did in *Wilbur* v. *Flannery*, 60 Vt. 581, 15 Atl. 203, we need not now determine, since we find the point in controversy controlled by our statute.

In the discussion counsel overlook what we said in *New Haven Saw Mill Co.* v. *Fowler*, 28 Conn. 103, 110, concerning the decision in *Stillman* v. *Isham*, 11 Conn. 124: "But these decisions have never been perfectly satisfactory, and the tendency of more modern cases is the other way; and such seems to be the tendency of our legislation, as evinced by the great extension which has been given to the process of foreign attachment within the past few years, particularly in subjecting legacies and distributive shares of deceased persons' estates, in the hands of executors and administrators, to its provisions, after the courts had decided against any such liability."

The denial of the right of garnishment of funds in the custody of the law, rests upon public policy, and whether that should prevent the garnishment of funds in court ordered by the court to be paid to its owner, at least after a reasonable opportunity has been given to comply with the order of court, may well be doubted. *Boylan* v. *Hines*, 13 L. R. A. (N. S.) 757 note (62 West Va.

486, 59 S. E. 503). And certainly public policy ought not to prevent an owner, or a creditor of an owner, from attaching a fund belonging to the owner, which is in the custody of the law, after an order for its payment has been made, which has not been complied with on account of the neglect of the public official to whom was committed the duty of distribution.

Whether, in any circumstances, the neglect of the court to make such order would dispense with the need of such order, we do not now determine. Nor do we find it necessary to consider what effect, if any, the nonresidence of the defendant would have upon the garnishment of a fund of his deposited in court as bail to secure his appearance in a criminal action.

There is no error.

In this opinion the other judges concurred.