## In re CHAKOS.

District Court, W. D. Wisconsin. January 3, 1930.

Marks & Read, of Madison, Wis., for Frawley.

Farr & MacLeod, of Eau Claire, Wis., for Karalis.

LINDLEY, District Judge. Karalis, a secured creditor of the bankrupt, presents his motion for an order directing the trustee to pay to him without further delay the sum of $3,000 held by the trustee and heretofore ordered distributed to said Karalis. This motion is resisted by W. H. Frawley, an alleged creditor of said Karalis' assignor, Chakos, who also seeks by cross-motion authority to prosecute a suit in garnishment against the trustee as well as said Karalis.

This bankruptcy case has been a source of prolific litigation, various issues having been presented to this court as well as to the Court of Appeals. It is desirable, if possible, to curtail the further longevity of controversy.

Karalis, as assignee of a certain mortgage upon the bankrupt's property, has previously obtained an order directing the trustee to pay to him, in satisfaction of his lien, the proceeds of sale thereof, to which the lien has been transferred, in the sum of $3,000. Subsequent to the entry of this order, Frawley, claiming to be a creditor of Karalis' assignor, alleging that the assignment to Karalis was fraudulent and void in fraud of the creditors of the assignor and asserting his desire to reach said fund in satisfaction of an indebtedness of Karalis' assignor, petitioned the referee for leave to institute garnishment proceedings against the trustee in order to impound the fund pending the outcome of his suit to establish the indebtedness of Karalis' assignor and the invalidity of the assignment to Karalis. The referee in bankruptcy several months ago allowed said petition and granted such leave, and of that order no review was had. Subsequently Frawley instituted his suit to recover his indebtedness from Karalis' assignor and garnished Karalis and, by leave of court as aforesaid, the trustee in bankruptcy herein. This proceeding, authorized by the Wisconsin statutes upon garnishment, furnishing a short cut to the same end as a creditors' bill, was instituted in the state court and promptly thereafter removed to this court, where it is still pending. The allowance of Karalis' motion at this time will in effect nullify the order heretofore entered by the referee,

granting leave to garnishee the trustee and will effectually dispose of the garnishment suit pending by defeating the attempt of the plaintiff therein to reach the fund in the hands of the trustee.

It is the established rule in the federal court that funds in custodia legis are not as a matter of right subject to either attachment or garnishment. See In re Argonaut Shoe Co. (C. C. A.) 187 F. 784; In re American Electric Telephone Co. (C. C. A.) 211 F. 88; and Bucher v. Vance et al. (C. C. A. 7) 36 F.(2d) 774, and cases cited in Remington on Bankruptcy, § 2880, and in footnote in 30 L. R. A. (N. S.) 720; 13 L. R. A. (N. S.) 758, and 28 C. J. 73. The reason for this rule is that a right to garnishee or attach funds in custodia legis would cause endless embarrassment and interference with the administration of estates and the court's administration of its functions.

But the precise question here involved is not whether such right exists, but whether this court, sitting as a court of bankruptcy, guided by the principles governing equity jurisprudence, should, as a matter of grace, grant this alleged creditor an opportunity to establish his alleged cause of action and reach the only known source of satisfaction thereof. Courts of equity of the United States, prior to the enactment of legislation upon the subject, quite generally held that suits in garnishment or of any other character against a receiver or trustee appointed by the court could not be maintained except by leave of court first had and obtained. The granting of such leave was discretionary and a matter of extension of grace; relief was granted where desirable from the point of the applicant and not seriously embarrassing to the administration of the trust by the court. See Central Trust Co. v. Chattanooga, etc., Co. (C. C.) 68 F. 685; Central Trust Co. of New York v. East Tenn. Ry. Co. (C. C.) 59 F. 523, and cases cited in 34 Cyc. 411. In the case of In re Kranich (D. C.) 182 F. 849, Judge McPherson granted leave to an attachment creditor to garnishee a trustee in bankruptcy purely as a matter of grace.

In the present case nothing remains to be done in the bankruptcy court except to pay the money due Karalis. In the suit pending in this court Frawley seeks to establish his indebtedness against Karalis' assignor and to hold the funds due Karalis as a fraudulent assignee, now held by the trustee. The bankruptcy estate can be put to no expense; the administration of the estate's affairs cannot in any wise be embarrassed or hampered, and, sitting as a court of equity, I know of no reason why this court should not extend its grace to the creditor, giving him leave to obtain an adjudication of his asserted rights without further delay.

It is to be remarked also that the motion of Karalis is an attempt to review by indirection and not by any method prescribed by any act of Congress or rule of the Supreme Court a review of the order entered many months ago by the referee, granting leave to the creditor to garnishee the trustee and ordering that the money be impounded until the determination of said garnishment. The court cannot permit Karalis to do indirectly what it is now too late for him to do directly, that is, review the order of the referee after the time for so doing has expired. For the reason, therefore, that in the opinion of the court the matter is not now open for consideration, and, further, that, if the Court of Appeals should be of the opinion that it is open for consideration, this court in the exercise of its equitable jurisdiction has a right to extend its grace to the extent of permitting the garnishment of the trustee, the motion of Karalis is hereby denied.

The cross-motion of Frawley seeks leave to institute and prosecute the garnishment proceedings. The granting of leave to institute the same is, in view of the order heretofore entered, unnecessary. The leave to proceed with the garnishment is hereby granted.

Without at this time finally directing the trustee so to do, it occurs to the court that, in view of the desirability of determining finally the issues presented in this heretofore fertile field for controversy, it might be desirable as a short cut to the ultimate end for the trustee to file in this court his bill of interpleader. On the one hand he has been directed to pay the money to Karalis; on the other the court has given leave to Frawley to garnishee the fund. To avoid any question as to jurisdiction and service of process, if the trustee can by any process bring into court both parties, the suggestion is one to which the trustee may with propriety give careful consideration.