**BANKERS' MORTG. CO. OF TOPEKA, KAN., et al. v. McCOMB et al.**

No. 580.

Circuit Court of Appeals, Tenth Circuit.

July 18, 1932.

N. J. Ward, of Topeka, Kan. (Lewis B. Johnson and Percy Robinson, both of Denver, Colo., on the brief), for appellants.

Walter E. Schwed, of Denver, Colo. (Edgar McComb and Milton D. Green, both of Denver, Colo., on the brief), for appellees.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

M. W. Cave, J. A. Fleming, J. A. Kell, and J. F. Kell, hereinafter referred to as the defendants, were charged by indictment in the United States District Court for the District of Colorado with certain penal offenses against the United States, and deposited with the United States Commissioner at Topeka, Kansas, as security for their bail bond, Liberty bonds of the face value of $20,000. These bonds were delivered to the clerk of the United States District Court for the District of Colorado. On April 17, 1931, the indictment was dismissed and the defendants were discharged.

On May 1, 1931, McComb and Green filed a petition in such criminal cause in which they set up that they had commenced an action against the defendants in the Second Judicial District of the State of Colorado upon a written contract with the defendants for attorneys' fees, and that such Liberty bonds were in the hands of such clerk, and prayed for an order authorizing them to garnishee such clerk. After a hearing the court entered an order adjudging that the defendants were entitled to the return of such bonds upon the payment of the clerk's lawful fees, and authorizing garnishment of the clerk. Thereupon a writ of garnishment was issued in such state court action and served upon the clerk. On May 8, 1931, the clerk made answer to the writ of garnishment to the effect that he had in his possession Liberty bonds of the face value of $20,000 deposited as bail in the criminal action, that the indictment in the criminal action had been dismissed, and that such bonds were in custodia legis and not subject to garnishment.

On May 28, 1931, the Mortgage Company filed a petition in the criminal cause in which it alleged that it had furnished such bonds to the defendants to be deposited as bail under an agreement that when such bonds were no longer necessary for bail they would be returned to the Mortgage Company, the dis-

missal of such indictment and that on April 30, 1931, in order to carry out such agreement the defendants had executed and delivered to the Mortgage Company their assignment of such bonds. It also set up the state court proceeding, the order of May 1, 1931, authorizing the garnishment of such clerk, the service of such writ of garnishment on the clerk, and the latter's answer thereto, and alleged that such bonds were in custodia legis, were required by section 15, title 6 USCA, to be returned to the defendants, and that title to such bonds at the time of such garnishment was in the Mortgage Company and therefore such bonds were not subject to garnishment process. It prayed for an order directing such clerk to deliver such bonds to the Mortgage Company. McComb and Green filed a response to the petition of the Mortgage Company. The Mortgage Company filed a motion for judgment on the pleadings. The court held that the defendants were the only proper parties to seek the return of such bonds, and on July 22, 1931, entered an order denying the motion and dismissing the petition without prejudice to the right of the proper parties to apply for the relief sought.

The Mortgage Company apparently acquiesced in such ruling and on July 31, 1931, it and the defendants filed a joint petition in the criminal cause in which they alleged the facts set up in the first petition, the filing of such first petition, the dismissal thereof, and the grounds therefor. They further alleged that such defendants for a valuable consideration purchased such bonds from the Mortgage Company, and on April 30, 1931, for a valuable consideration assigned them to the Mortgage Company; that they had tendered $200 to such clerk to cover his impounding fees, and that the Mortgage Company consented to the delivery of such bonds to the defendants. They prayed that the clerk be directed to deliver such bonds to the defendants or the Mortgage Company.

On August 13, 1931, McComb and Green filed a response to such petition in which they denied, for want of information and belief, the alleged transactions between the Mortgage Company and the defendants, and stated that if such transactions occurred they were a part of a scheme to cheat and defraud them as creditors of the defendants; that the defendants were conclusively presumed to be the owners of such bonds, and that the Mortgage Company had not appealed from the order of July 22, 1931. The Mortgage Company filed a reply in which it admitted it had not appealed from such order, alleged

that it was not precluded by such order from joining with the defendants in the second petition, and denied that the assignment was made to cheat and defraud McComb and Green.

On August 24, 1931, the defendants filed a motion for judgment on the pleadings. On September 11, 1931, the court entered an order overruling the last mentioned motion and dismissing such petition.

This is an appeal from the orders of July 22 and September 11, 1931.

Since the Mortgage Company joined with the defendants in a new petition setting up additional facts, after the adverse ruling on its first petition, we are of the opinion that the second petition, as far as the Mortgage Company is concerned, amounted to an amendment of its first petition, and that the cause must be disposed of upon the issues raised by the second petition, the response of McComb and Green thereto, and the reply of the Mortgage Company and the defendants to such response, and that it is unnecessary to determine the correctness of the court's ruling upon the Mortgage Company's motion for judgment on the pleadings.

Counsel for the appellants contend that such bonds in the hands of such clerk were not subject to garnishment process by reason of the provisions of section 15, title 6, USCA, the material portions of which are set out in Note 1.[1]

They assert that the provision, "such bonds * * * so deposited shall be returned to the depositor," is mandatory. Under similar statutes it has been held that, after the claims of the sovereign have been satisfied, the court may in a proper proceeding inquire into a claim of title to the deposit made by a third person and direct delivery

[1] Note 1. "Wherever by the laws of the United States or regulations made pursuant thereto, any person is required to furnish any recognizance, stipulation, bond, guaranty, or undertaking, hereinafter called 'penal bond,' with surety or sureties, such person may, in lieu of such surety or sureties, deposit as security with the official having authority to approve such penal bond, United States Liberty bonds or other bonds or notes of the United States in a sum equal at their par value to the amount of such penal bond required to be furnished, together with an agreement authorizing such official to collect or sell such bonds or notes so deposited in case of any default in the performance of any of the conditions or stipulations of such penal bond. * * * As soon as security for the performance of such penal bond is no longer necessary, such bonds or notes so deposited shall be returned to the depositor. * * * Nothing contained herein shall affect the authority of courts over the security, where such bonds are taken as security in judicial proceedings."

thereof to the true owner. (See Note 2.[2]) Furthermore the proviso states that "nothing contained herein shall affect the authority of the courts over the security." We are of the opinion that the statute did not preclude the court from making the order permitting the garnishment of such clerk.

Counsel for appellants further urge that the bonds were in custodia legis and therefore not subject to garnishment process. It is a general rule that, where a person's possession or control of property constitutes custodia legis, he cannot be subjected to garnishment process in respect of such property. Glass v. Woodman (C. C. A. 8) 223 F. 621; In re Argonaut Shoe Co. (C. C. A. 9) 187 F. 784; Bruchal v. Smith, 109 Conn. 316, 146 A. 491; Lewis v. Hopkins, 96 Conn. 356, 114 A. 91; Malone v. Moore, 208 Iowa, 1300, 227 N. W. 169.

The reason for the rule is that to require such a person to respond in garnishment would result in an interruption of the orderly progress of judicial proceedings and in an invasion of the jurisdiction of the court which has legal custody of such property. Glass v. Woodman, supra; In re Argonaut Shoe Co., supra; Boylan v. Hines, 62 W. Va. 486, 59 S. E. 503, 13 L. R. A. (N. S.) 757, 125 Am. St. Rep. 983; Travelers' Ins. Co. v. Maguire, 218 Mass. 360, 105 N. E. 1023, 1024.

Such a person, with the consent of the court having custody of such property, may be held as garnishee after the purposes of the law's custody have been accomplished and such court has by order directed delivery thereof to the garnishee-debtor. Under such circumstances garnishment will not interrupt the progress of judicial proceedings in such court nor invade its jurisdiction. The officer holds the property not for the law but for the person entitled thereto; and the reason for the rule no longer exists. In re Chakos (D. C. Wis.) 36 F.(2d) 776; State v. Blum, 58 N. D. 549, 226 N. W. 694; Boyland v. Hines, supra; Mundil v. Hutson, 33 N. M. 388, 268 P. 566, 59 A. L. R. 522; Bruchal v. Smith, 109 Conn. 316, 146 A. 491, 492; Dunsmoor v. Furstenfeldt, 88 Cal. 522, 26 P. 518, 12 L. R. A. 508, 22 Am. St. Rep. 331; Russell & Co. v. Millett, 20 Wash. 212, 55 P. 44; Harrington v. La Rocque, 13 Or. 344,

10 P. 498; Wilbur v. Flannery, 60 Vt. 581, 15 A. 203; Boylan v. Hines, 62 W. Va. 486, 59 S. E. 503, 13 L. R. A. (N. S.) page 758, 125 Am. St. Rep. 983.

We are of the opinion however that the question of whether the purposes of the law's custody have been fully accomplished should be determined by the court whose officer has custody of the property, and that garnishment should not be permitted without the consent of that court. In re Chakos (D. C. Wis.) 36 F.(2d) 776.

We conclude that under the circumstances of the instant case it was within the discretion of the trial court to permit the garnishment of such bonds in the hands of the clerk.

Defendants stood upon their motion for judgment on the pleadings. Under well settled principles they thereby rested their case upon the facts well pleaded, as disclosed by the admitted allegations of the petition and the affirmative allegations of the response. Yakima Hardware Co. v. Strickler, 156 Wash. 369, 286 P. 853; Mammoth City v. Snow, 69 Utah, 204, 253 P. 680; Taylor v. Campbell, 139 Okl. 110, 281 P. 243; Industrial Commission v. People, 86 Colo. 377, 281 P. 742; Coe v. Bennett, 39 Idaho, 176, 226 P. 736; Klink v. Chicago, R. I. & P. R. Co. (C. C. A. 8) 219 F. 457; United States v. Cleveland, P. & E. R. Co. (C. C. A. 6) 42 F.(2d) 413. Such response denied the alleged agreement between the Mortgage Company and the defendants with respect to such bonds and the assignment thereof by the defendants to the Mortgage Company, and alleged that if such transactions took place they were for the purpose of delaying and defrauding McComb and Green as creditors of the defendants. It follows that, in passing upon the correctness of the ruling on the motion for judgment on the pleadings, we must treat the title to the bonds as resting in the defendants. If title to the bonds was in the defendants, it follows, from what we have heretofore said, that the garnishment was effectual to impose a lien on the bonds and defendants were not entitled to their return.

The Mortgage Company stands in a different position. It did not join in the motion for judgment on the pleadings. Its rights were disposed of on the pleadings upon the theory that it had no right to seek a return of such bonds. So long as the claims of the United States remain unsatisfied, bonds or notes deposited under section

---

[2] Note 2. Mundell v. Wells, 181 Cal. 398, 184 P. 666, 7 A. L. R. 383; State v. Carey, 151 Minn. 517, 187 N. W. 710; First National Bank of Okmulgee v. Wisdom, 97 Okl. 298, 223 P. 639; State ex rel. Glidden v. Fowler, 192 Wis. 151, 212 N. W. 263; Wright & Taylor v. Dougherty, 138 Iowa, 195, 115 N. W. 908.

15, supra, are conclusively presumed to be the property of the defendant and may be applied in satisfaction of the requirements of the bail bond, regardless of the claims of third persons. But when the conditions of the bail bond have been fully met and the whole of the bond or notes deposited, or a residue thereof, remains in the hands of the clerk, a court in a proper proceeding may and should inquire into the true title thereto as between third persons and the defendant or his creditors, and direct that they be delivered to the true owner. Isbell v. Bay Circuit Judge, 215 Mich. 364; 183 N. W. 721, 16 A. L. R. 971; United States v. Werner (D. C. Okl.) 47 F.(2d) 351. See also cases cited Note 2, supra.

■ The second petition alleged that after the claims of the United States were fully discharged and prior to the service of the garnishment process the defendants for a valuable consideration assigned such bonds to the Mortgage Company. The response denied the making of such assignment and in the alternative alleged that the assignment, if made, was for the purpose of defrauding McComb and Green as creditors of the defendants. At the time of such assignment, defendants were entitled to the immediate return of such bonds. The legal title thereto was in them and we perceive of no reason why they could not make a valid transfer of that title to the Mortgage Company. The allegations of the petition and response last adverted to present an issue of fact which was neither heard nor decided by the trial court. If the allegations of the petition are true and the assignment was made in good faith, title to such bonds was effectually transferred to the Mortgage Company prior to the service of the garnishment process.

■ A procedural question remains for consideration. Criminal procedure in Federal courts, in the absence of statute, is in accordance with the common law. United States v. Gill (D. C. N. M.) 55 F.(2d) 399, 403; United States v. Maxwell, 3 Dill. 275, Fed. Cas. No. 15,750; United States v. Reid, 12 How. 361, 13 L. Ed. 1023; United States v. Baugh (C. C.) 1 F. 784, 788.

■ While intervention was a well recognized remedy of the Roman civil law, in jurisdictions in which the common law system prevailed it was unknown in courts of law. Hyman v. Cameron, 46 Miss. 725; Potlatch Lumber Co. v. Runkel, 16 Idaho, 192, 101 P. 396, 23 L. R. A. (N. S.) 536, 18 Ann. Cas. 591; Van Der Veer v. Union Trust Co., 73 Ind. App. 336, 126 N. E. 38; Mass. Bonding & Ins. Co. v. Novotny, 200 Iowa, 227, 202 N. W. 588; Zeitinger v. Hargadine-McKittrick D. G. Co., 298 Mo. 461, 250 S. W. 913; Parker v. City of Grand Island, 115 Neb. 892, 215 N. W. 127; O'Brien v. First State Bank & T. Co. (Tex. Civ. App.) 239 S. W. 715; State ex rel. Williams v. Superior Court, 91 Wash. 40, 157 P. 28; United States v. Widen (D. C. Ill.) 38 F.(2d) 517.

■ In the common law jurisdictions it is generally regarded as of purely statutory origin. Fischer v. Hanna, 8 Colo. App. 471, 47 P. 303, 308; Chase v. Evoy, 58 Cal. 348; Clark v. Rosenwald, 31 N. M. 443, 247 P. 306; State v. Superior Court, supra; Van Der Veer v. Union Trust Co., supra; Mass. Bonding & Ins. Co. v. Novotny, supra; Parker v. City of Grand Island, supra; United States v. Widen, supra.

No Federal statute has been enacted providing for intervention in criminal causes.

A somewhat analogous situation was presented in the case of McKemy v. Sup. Lodge A. O. U. W. (C. C. A. 6) 180 F. 961, 965, where the court said: "This is a suit at law. We know of no principle which permits parties interested in a fund sought to be recovered in a suit at law to intervene in such suit for their own protection. * * * Whatever practice might be permissible in the state courts, the distinction in the courts of the United States between causes of actions at law and in equity is matter of substance and not of form."

■ The Mortgage Company is not a party to the criminal action. It is a stranger thereto. The petition as to it is in the nature of an intervening petition. The relief it seeks is equitable in character. We are of the opinion that it must seek such relief in a plenary suit. United States v. Widen, supra.

As to the defendants, the order of September 11, 1931, is affirmed. As to the Mortgage Company, the order is reversed and the cause remanded with instructions to enter an order striking the petition without prejudice to the right of the Mortgage Company to bring a plenary suit to establish its title to such bonds and to secure an order directing their delivery to it.