The Honorable Ted L. Strickland Senator State of Colorado State Capitol Building Denver, Colorado 80203
Dear Senator Strickland:
This is in reply to your letters of March 26, 1979 to Robert J. Ore and April 3, 1979 to Terrence A. Tollefson, which requested that this office investigate the actions of the State Board for Community Colleges and Occupational Education and the Department of Labor and Employment, Division of Labor, because it provided staff support for monitoring the polling place in connection with recent collective bargaining elections at state community colleges.
The attorney general is required by statute to defend all proceedings brought against the Director of the Division of Labor, and cannot appear in any "proceedings, hearing, investigation, arbitration, award or compensation matter" except as attorney for the director and employees of the Division of Labor. C.R.S. 1973, 8-1-143. In addition, we have consulted with the Division of Labor in connection with Mr. Ore's letter to you dated March 16, 1979. These constraints, imposed by statute and the attorney-client relationship, preclude our conducting an investigation of the actions of the Division of Labor on your behalf. We have, however, reviewed the law and offer our analysis of the pertinent statutes and cases.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
1. Are employees of the State Board of Community Colleges and Occupational Education or the board prohibited from engaging in collective bargaining?
 My conclusion is "no," provided that no agreement requires mandatory arbitration.
2. May the Division of Labor supervise collective bargaining elections of employees of the State Board of Community Colleges and Occupational Education?
My conclusion is "yes."
ANALYSIS
1. Employees are expressly permitted to unite and combine concerning their conditions of employment. C.R.S. 1973, 8-2-101. There is no legislation prohibiting the board and its employees from engaging in collective bargaining.
The Colorado Supreme Court has determined that in the absence of such legislation public boards, such as the State Board for Community Colleges and Occupational Education, may engage in collective bargaining with their employees, so long as any such agreements do not provide for binding arbitration. SeeAurora v. Aurora Firefighters Protective Ass'n,193 Colo. 437, 566 P.2d 356 (1977); Littleton Education Ass'n v.Arapahoe County School District, 191 Colo. 419,553 P.2d 793 (1976). In 1977 the general assembly attempted to prohibit the state board from expending appropriated funds in furtherance of collective bargaining. 1977 Colo. Sess. Laws at 83 n. 45a. This provision was held to be unconstitutional inAnderson v. Lamm, 195 Colo. 437, 579 P.2d 620 (1978), and therefore of no legal effect. Thus, the board and its employees may bargain collectively, and participate in elections to accomplish this.
2. The authority of the Division of Labor to supervise collective bargaining elections of employees of the state board can be implied from the general powers granted to the director of the Division of Labor under C.R.S. 1973 title 8, art. I. While the director's powers are not unlimited under this article, they are extensive. See Industrial Commission v. Peopleex rel. Metz, 86 Colo. 377, 281 P. 742 (1927).
The enumerated powers of the director are contained in several provisions. Under section 8-1-122(1), the director is required to inquire into: "the extent and methods of collective bargaining" and "methods of avoiding or adjusting labor disputes through peaceable and conciliatory mediation and negotiations." Similarly, section 8-1-122(2) provides that the director shall use his powers to alleviate causes of dissatisfaction in the industrial situation. In addition, the director is required to
 do all in his power . . . to avoid the necessity of resorting to strikes, lockouts, boycotts, blacklists, discriminations and legal proceedings in matters of employment.
C.R.S. 1973, 8-1-123 (Supp. 1978).
The director is to administer all of these provisions "with respect to the relations between employer and employees, and to do all other acts and things convenient and necessary to accomplish the purpose of this article." C.R.S. 1973, 8-1-111. The purpose of the statute is apparently to encourage harmonious relationships between employers and employees, which can include collective bargaining.
For the purposes of article I of title 8, "employer" includes all state and other public institutions having four or more employees. C.R.S. 1973, 8-1-101(7). Therefore, the powers and duties conferred upon the director under article 1 of title 8 are specifically applicable to the state and its employees.
The provisions of article I of title 8 do not prohibit the Division of Labor and the director from supervising collective bargaining elections, and can be construed to authorize such action. It appears that the director of the Division of Labor acted consistent with the authority granted by C.R.S. 1973,8-1-111, 8-1-122, and 8-1-123, as amended, in this case.
SUMMARY
The State Board of Community Colleges and Occupational Education can collectively bargain provided no agreement requires mandatory arbitration. The Division of Labor may supervise collective bargaining elections of the employees of the State Board of Community Colleges and Occupational Education.
Very truly yours,
 J.D. MacFARLANE Attorney General
cc: Gov. Richard D. Lamm Robert J. Ore John Kezer State Board for Community Colleges and Occupational Education Representative Steve Durham James Monaghan
EMPLOYEES, PUBLIC LABOR RELATIONS EDUCATION, HIGHER
C.R.S. 1973, 8-1-101 et seq. C.R.S. 1973, 8-2-101
LEGISLATIVE BRANCH Senate HIGHER EDUCATION, DEPT. OF LABOR EMPLOYMENT DEPT. Labor, Div. of
State Board of Community Colleges and Occupational Education can collectively bargain, provided no agreement requires mandatory arbitration. Division of Labor may supervise collective bargaining elections of employees of the State Board of Community Colleges and Occupational Education.