**Robert C. HERZFELD, Plaintiff,**

v.

**Trenton H. PARKER, Adrian Doyle, James T. Wilson, Stephen Spangler, Robert E. Norwood, and International Mining Exchange, a Colorado corporation, Defendants.**

**Robert F. BROWN, Robert A. Brandt, and RFB Petroleum, Inc., a Texas corporation, Plaintiffs,**

v.

**Trenton H. PARKER, the International Mining Exchange, Inc., a Colorado corporation, R. Steven Spangler, James T. Wilson, Adrian Doyle, and Robert Norwood, Defendants.**

**Elizabeth EKEN, et al., Plaintiffs,**

v.

**INTERNATIONAL MINING EXCHANGE, INC., et al., Defendants.**

**Nos. 80–K–850, 80–K–859 and 82–J–17.**

United States District Court,
D. Colorado.

July 26, 1982.

Richard Podoll, Podoll & Podoll, Denver, Colo., for plaintiff in No. 80–K–850.

William A. Wilson, Denver, Colo., for plaintiffs in No. 80–K–859.

Patrick English, Clifton, N.J., Sheldon E. Friedman, Denver, Colo., for plaintiffs in No. 82–J–17.

William C. Waller, Jr., Denis H. Mark, Englewood, Colo., for defendants Parker and Intern. Mining.

Leon Sanders, III, Denver, Colo., for defendants Doyle and Norwood.

Paul D. Cooper, Cooper & Kelley, Denver, Colo., Robert Kelly, Lum, Biunno & Thompkins, Newark, N. J., for defendant Hercules in No. 82–J–17.

**MEMORANDUM OPINION AND ORDER**

KANE, District Judge.

This melange of litigation began in 1980 with my granting summary judgment for

the plaintiff in *S.E.C. v. International Mining Exchange, et al.*, 515 F.Supp. 1062 (D.Colo.1981). Because the three captioned cases, as well as others, were related, they too, were assigned to me in keeping with our Local Rules of Practice. Such serious questions regarding the orderly administration of justice and jurisdiction exist that I will make findings which will permit an immediate appeal from this order in accordance with 28 U.S.C. § 1292(b). Arguably, these same findings may make the appeal a matter of right in accordance with 28 U.S.C. § 1292(a)(2).

Cases 80–K–850 and 80–K–859 were consolidated in September, 1980. They are civil securities fraud actions against Trenton H. Parker, International Mining Exchange and others based on fraudulent tax shelter investment schemes. On September 8, 1981, I entered judgment for the plaintiffs against the defendants, Parker and International Mining Exchange, for $4,058,501. On February 9, 1982, the defendants Parker and International Mining Exchange in criminal action 81–CR–122 in this district before Judge Winner pleaded guilty to charges arising from the fraudulent schemes. Pursuant to a plea arrangement Parker agreed to turn over the proceeds of the fraudulent scheme to the custody of a court-appointed receiver.

On February 9, 1982, Judge Winner appointed William C. Lam as the receiver and Assistant United States Attorney Robert McAllister and the defendant's counsel, Dan Smith, as Trustees. Judge Winner's order provides that upon receipt of Parker's funds and certificates, the receiver shall invest the funds in treasury bills, certificates of deposit, or other legal instruments pending restitution to the defrauded investors.

On April 16, 1982 Judge Herbert J. Stern of the District of New Jersey entered judgment against the defendants Parker and International Mining Exchange for $8,100,-000 in a class action based on the same fraudulent scheme. Three days later, those plaintiffs filed a certification of their judgment for registration in the District of Colorado. This action, 82–J–17, was also assigned to me.

On April 22, 1982 the plaintiffs in the consolidated Colorado civil cases, 80–K–850 and 80–K–859, served writs of garnishment with interrogatories on the receiver and the trustees. On July 12, 1982 the New Jersey plaintiffs also filed writs of garnishment. The parties have filed briefs in support of and in opposition to the registration of the New Jersey judgment in Colorado. In addition there has been substantial briefing on several motions including a motion to consolidate the civil actions and transfer the funds to New Jersey, a motion to dismiss or quash the Colorado plaintiffs writs of garnishment, a motion for replevin and a motion to certify the motion to dismiss the writs of garnishment to Judge Winner in the criminal case, 81–CR–122. At the last hearing on this matter, I denied the motion to certify the motion to dismiss the writs of garnishment to Judge Winner and the New Jersey plaintiffs withdrew their motion for replevin. Accordingly, this matter is now before me on the motion to consolidate the cases and transfer the funds to the United States District Court for the District of New Jersey, and the motion to dismiss or quash the writs of garnishment.

Judge Winner in the criminal case, 81–CR–122. At the last hearing on this matter, I denied the motion to certify the motion to dismiss the writs of garnishment to Judge Winner and the New Jersey plaintiffs withdrew their motion for replevin. Accordingly, this matter is now before me on the motion to consolidate the cases and transfer the funds to the United States District Court for the District of New Jersey, and the motion to dismiss or quash the writs of garnishment.

It is conceded by all parties that permission has neither been sought from Judge Winner nor given by him to institute garnishment proceedings against the receiver, Mr. Lam, who was appointed by him in the criminal case, 81–CR–122. *See Bankers' Mortgage Co. of Topeka, Kan. v. McComb*, 60 F.2d 218 (10th Cir. 1932). The plaintiffs in the consolidated actions, 80–K–850 and 80–K–859, argue that there is no inherent

power which permits United States District Courts to appoint a receiver in criminal proceedings. No authority has been cited by any party and I can find none which addresses this question. *United States v. Roberts*, 619 F.2d 1 (7th Cir. 1979) is suggested, but it is inapposite since the receiver was not appointed by the judge in the criminal case.

The plaintiffs in the New Jersey class action likewise assert that Judge Winner was without jurisdiction in the criminal case to appoint a receiver and they therefore seek to have the funds in the possession of the receiver transferred to the court in New Jersey and there to establish a receivership. Predictably the plaintiffs in the consolidated actions assert that their garnishment is first in time and that a subsequently established receivership will not defeat it. The class action plaintiffs rejoin by asserting that Judge Stern in the class action was the first to acquire jurisdiction over the funds in question and thus the garnishment in the consolidated actions is subservient. Further, the class action plaintiffs assert that fundamental justice would be thwarted by allowing the consolidated action plaintiffs to satisfy their judgment which is heavily loaded with punitive damages because that satisfaction would deprive the members of their plaintiff class of any recovery. I am therefore asked by them to deny the consolidated action plaintiffs' garnishment and order the funds transferred to the United States District Court for the District of New Jersey.

The arguments presented share a penultimate element: in order to rule favorably on any of the motions I would be required to determine that the order of Judge Winner establishing the receivership and appointing Mr. Lam as receiver is void for want of jurisdiction. This I cannot and will not do. The law on this point in the Tenth Circuit is stronger than in most jurisdictions.[1] In *Humphrey v. Bankers Mortg. Co. of Topeka, Kan.*, 79 F.2d 345, 352 (10th Cir. 1935) the Court of Appeals said:

> ... It is well settled that in such circumstances the deliberate judicial acts of one judge are not open to review by another judge of the same court having co-ordinate jurisdiction. That is a salutary rule of comity which rests upon sound considerations of necessity. Any other would strike down orderly procedure and substitute unseemly conflict in its stead. The respective orders approving the petition and appointing a trustee in the involuntary proceeding could be reviewed only by appeal to this court. They were not open to review by the other judge of that court in the voluntary proceeding.

From the foregoing it is obvious that Judge Winner's orders are not subject to my review. Therefore, I deny the motion to consolidate the cases and transfer the funds to New Jersey and I grant the motions to dismiss or quash the writs of garnishment.

Another point needs to be made in order to explain my use of 28 U.S.C. § 1292. The plaintiffs in the three captioned cases are not parties to the criminal action and intervention there is not possible. *Bankers' Mortg. Co. of Topeka, Kan. v. McComb, supra*, at 222.[2] The only practicable way for the numerous parties litigant to obtain judicial resolution of these issues is for me to find that which this voluminous record fully justifies. Therefore, I find that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order will materially advance the ultimate termination of this litigation.

IT IS ORDERED that the motion of the class action plaintiffs in 82–J–17 to consoli-

---

1. There are numerous cases dealing with the problems inherent in one judge overruling another judge in the same case, but there are few cases reported involving a judge attempting to overrule another judge in a different case which deals with the same property. *See Annot. Propriety of Federal District Judge's Over-* *ruling or Reconsidering Decision or Order Previously Made In Same Case By Another District Judge*, 20 A.L.R.Fed. 13.

2. Another approach is mentioned in *T.C.F. Film Corp. v. Gourley*, 240 F.2d 711, 714 (3d Cir. 1957), but its use in this circuit is unknown.

**1022**

date and transfer funds to the United States District Court for the District of New Jersey is denied,

IT IS FURTHER ORDERED that the motions to quash or dismiss the writs of garnishment are granted, and

IT IS FURTHER ORDERED that this memorandum opinion and order shall constitute my statement in writing required by 28 U.S.C. § 1292(b) so that the Court of Appeals may decide, in its discretion, whether to permit an appeal from this order.