## BUCHER v. VANCE et al.

Circuit Court of Appeals, Seventh Circuit. December 13, 1929.

No. 4230.

A. D. Gash, of Chicago, Ill., for appellant.

Allan Healy, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal is from a decree of the District Court dismissing as to appellee Bates a creditors' bill, to which Bates was a party defendant, brought in the circuit court of Cook county, Ill., and removed to the federal court by Bates.

Bucher had recovered in the state court a judgment for $1,301.75 against L. F. Vance, and execution thereon was returned unsatisfied.

In the United States District Court for the Northern District of Illinois there was pending a suit brought by Vance, in which, under order of the court, there had been paid to Bates, as the clerk of said District Court, a sum of money, of which the court ordered its clerk, Bates, to pay Vance the sum of $5,626.44. Pursuant to the order, Bates, as clerk, made and sent to Vance a check for that amount, which check Vance declined to accept, and returned it to Bates, leaving the possession of the fund unchanged.

Bucher filed his creditors' bill in the state court, making Bates a party, seeking thus to subject the fund to the payment of his judgment against Vance.

The single issue here is whether funds so paid into and remaining under the control of the District Court can be reached by a creditors' bill upon a judgment in another court.

Section 851, 28 USCA, makes provision for the payment of money into court and its deposit. Section 852 provides: "No money deposited as aforesaid shall be withdrawn except by order of the judge or judges of said court, respectively, in term or in vacation, to be signed by such judge or judges, and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn."

In Wayman v. Southard, 10 Wheat. (23 U. S.) 1, 23, 6 L. Ed. 253, it was said: "The jurisdiction of a court is not exhausted by the rendition of its judgment, but continues until that judgment shall be satisfied."

In Osborn v. United States, 91 U. S. 474, 479, 23 L. Ed. 388, it was said: "The power of the court over moneys belonging to its registry continues until they are distributed pursuant to final decrees in the cases in which the moneys are paid. If from any cause they are previously withdrawn from the registry without authority of law, the court can, by summary proceedings, compel their restitution."

Notwithstanding the issuance of the check, the money thus paid into court was not distributed until it reached the hand of the party to whom the court ordered it paid. The making of the order and the issuing of the check were not of themselves a distribution. They were steps which would lead to ultimate distribution by actual payment of the fund pursuant to the court's order.

The trend of federal decisions has long been quite strongly against the right to subject such a fund to control by the process of another court, or through other proceedings.

In Re Lottawanna, 20 Wall. (87 U. S.) 201, 224, 22 L. Ed. 259, it was sought by an independent proceeding to reach a fund in the registry of the court. The court refused to subject the fund to seizure for the satisfaction of a judgment against its owner, giving as reasons for its conclusion:

"1. Because the fund, from its very nature, is not subject to attachment either by the process of foreign attachment or of garnishment, as it is held in trust by the court to be delivered to whom it may belong, after hearing and adjudication by the court.

"2. Because the proceeds in such a case are not by law in the hands of the clerk nor of the judge, nor is the fund subject to the control of the clerk. Moneys in the registry of the Federal courts are required by the act of Congress to be deposited with the Treasurer of the United States, or an assistant treasurer or designated depositary, in the name or to the credit of such court, and the provision is that no money deposited as aforesaid shall be withdrawn except by the order of the judge or judges of said courts respectively, in term time or vacation, to be signed by such judge or judges and to be entered and certified of record by the clerk. Regulations substantially to the same effect have existed in the acts of Congress for more than half a century, and within that period it is presumed that no proceeding to attach such a fund by a creditor of the owner has ever been sustained."

In Jones v. Merchants' Nat. Bank et al. (1 C. C. A.) 76 F. 683, 687, 35 L. R. A. 698, it was held that bills would not lie to reach funds in the hands of a United States District Court or other depositaries of the court. In the opinion it was said: "The futility of all such bills is sufficient to defeat them, because, notwithstanding the pendency of one of them, the court having control of a fund may order the entire disposition of it summarily, thus leaving nothing for the bill to act on. A bill which can reach no result except by staying the ordinary and rightful exercise of the essential functions of the court is, by its character, so futile that it ought to be dismissed for that reason alone; but it is enough to say that the rule that bills of this sort will not be tolerated is so fundamental, and so necessary to the full exercise of judicial functions, that the reasons on which it rests need not be further stated." To like effect may be cited In re Forsyth (D. C.) 78 F. 296; United States v. Eisenbeis et al. (D. C.) 88 F. 4, and Martin Co. v. Shannonhouse (D. C.) 203 F. 517.

In 5 Pomeroy Eq. Jur., 2d Ed. 1919, § 2304 (881), it is stated that: "Money in custodia legis, in the hands of a clerk of court in his official capacity, cannot be made the subject of a creditors' bill."

Upon authority, therefore, as well as upon principle, we are satisfied that, in the absence of federal statutory authorization, this fund, in the registry of the District Court, and under its control, could not be subjected to seizure on behalf of creditors of the owner.

The District Court properly dismissed the creditors' bill as to Clerk Bates, and its decree is affirmed.