**CLARKE v. CHICAGO, B. & Q. R. CO.**

No. 1503.

Circuit Court of Appeals, Tenth Circuit.

July 21, 1937.

Rehearing Denied Sept. 14, 1937.

M. A. Kline, of Cheyenne, Wyo., for appellant.

J. L. Rice, of Denver, Colo. (J. C. James, Wilfred O'Leary, of Cheyenne, Wyo., and J. Q. Dier, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

The appeal in this case presents contentions respecting money in the registry of the trial court. The action, No. 1811 in the court below, was instituted to foreclose a mortgage on the property of Hot Springs Electric Light & Power Company situated at Thermopolis, Wyo. Finding that a tax sale of the property was void, that foreclosure of the mortgage would not afford adequate relief, and that the value of the property with interest from the date of the tax sale was $92,160, the court required certain defendants to deposit that sum in the registry of the court and directed that holders of bonds secured by the mortgage file claims for payment out of such fund. With a slight modification, the decree was affirmed. Clarke v. Hot Springs Electric Light & Power Co. (C.C.A.) 55 F.(2d) 612, certiorari denied 287 U.S. 619, 53 S.Ct. 19, 77 L.Ed. 537. The deposit was made; some of it has been distributed; and some remains in the custody of the clerk. John T. Clarke and wife, Ella R. Clarke, as owners of fifty bonds each of the par value of $1,000 filed their claim. John T. Clarke subsequently transferred his interest in such bonds to Ella R. Clarke, and she acquired thirty-six other bonds of the like par value for which Herman Reher had filed claim. The court thereafter made an award to the attorneys for plaintiffs and an allowance to John T. Clarke for his assistance in the preparation of the case for trial; and that action was affirmed. Clarke v. Hot Springs Electric Light & Power Co. (C.C.A.) 76 F.(2d) 918, certiorari denied 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443.

In the course of separate and distinct litigation pending in the court below, being Nos. 288, 980, and 1320, it was determined that a superstructure on the Boysen dam constituted a nuisance and damaged property of the Chicago, Burlington & Quincy Railroad Company, hereinafter called the company. The court ordered the Clarkes and others to remove such superstructure and to enlarge the spillway. On appeal, modified decrees were awarded containing changes not material here. Clarke v. Boysen (C.C.A.) 39 F.(2d) 800, certiorari denied 282 U.S. 869, 51 S.Ct. 75, 75 L.Ed. 768. Such modified decrees were entered, but the Clarkes and other defendants refused to remove the superstructure. Acting under an order of the court, the marshal removed it. The cost incurred was $16,968.01. The company advanced the money required, and the court awarded it judgment against the Clarkes for that amount, separate judgments being rendered against John T. Clarke in Nos. 288 and 980, and against Ella R. Clarke in number 1320, with provision in each that payment of any one would operate to discharge all of them; and they were affirmed. Clarke v. Chicago, B. & Q. R. Co. (C.C.A.) 62 F.(2d) 440, certiorari denied 290 U.S. 629, 54 S.Ct. 49, 78 L.Ed. 548.

On November 19, 1932, the company filed separate petitions in Nos. 288, 980 and 1320, identical in substance, setting forth the rendition and nonpayment of the respective judgments; that the judgment debtor was in contempt of court, was a nonresident of Wyoming, and owned no property in the state except an interest in the real estate on which the Boysen dam was located and an interest in the money previously paid or about to be paid into the registry of the court in this cause; that the interest in the real estate was encumbered and for that reason was unsalable; that, unless such money be impounded, the clerk would make distribution of it; and that the company would be unable to collect the judgments. It was prayed that the clerk be directed to retain all money in the registry of the court in which the judgment debtor had a share or interest; and that upon final hearing so much of such money as might be necessary be ordered paid and applied to the extinguishment of such judgment. Notice that the petitions would be heard on December 1 was served upon the attorneys who had represented the Clarkes in the litigation. On the date named, the court entered a temporary restraining order and directed the judgment debtor to show cause on December 10 why an injunction should not issue restraining the withdrawal, assignment or disposition of the money; and the injunction was granted on the 10th.

On November 29, 1932, ten days after the petitions had been filed seeking to impound the money in the registry of the court, and two days before the date set for hearing upon them, Ella R. Clarke executed a written assignment and transfer of her interest in the bonds and the proceeds of them, to Henry T. Clarke, a brother of her husband, and Charles Caldwell, an attorney who had represented her and her husband in the litigation, as trustees. The

assignment recited a cash consideration of $100, plus other good and valuable consideration. It failed to disclose the beneficiary or beneficiaries. Caldwell later resigned as trustee, and on January 4, 1936, Henry T. Clarke filed a claim founded upon the assignment. It was not verified; instead, its execution individually and as trustee was acknowledged. The company filed objections to its allowance.

The court heard the claim and the objections, and found that the assignment was given with actual intent and purpose on the part of Ella R. Clarke and of the assignees to hinder, delay, and defraud her creditors, particularly the company in the collection of its judgment; that there was due and owing to Ella R. Clarke out of the fund in the registry of the court $24,253.02; and that there was due John T. Clarke from such fund the sum of $544.17. A decree was entered (a) adjudging the assignment to be void, determining that the $24,253.02 was the property of Ella R. Clarke, disallowing the claim of Henry T. Clarke, trustee, and directing that such money be retained in the registry of the court until the rights of the company thereto be determined in cause 1320; and (b) directing that the $544.17 owing John T. Clarke from the money in the registry of the court be retained until the rights of the company thereto be determined in causes 288 and 980. Henry T. Clarke, trustee, appealed from that decree.

It is urged at the outset that the court lacked jurisdiction to hear and determine the issues raised by the objections of the company. Ella R. Clarke, a resident of New York, owned no property in Wyoming except an interest in the land on which the Boysen dam was located—conveyed to her as trustee for the Clarke Land & Loan Company—and the fund in the registry of the court. She owed the judgment rendered for money advanced for removal of the superstructure after she and her husband had contemptuously refused to remove it; and it was alleged that she was about to withdraw the money from the hands of the clerk with the result that the judgment would never be collected. In these circumstances, we think the court was clothed with power, exercisable in its sound discretion in the exertion of its jurisdiction over the fund then in its exclusive possession and control, to make the orders of impoundment to operate as equitable garnishments and to thereafter determine the validity of the assignment to the fund, made intermediate the filing of the petitions and the entry of the orders. A court of equity is not powerless thus to prevent a judgment debtor from withdrawing money from its registry and at the same time continue the nonpayment of a judgment, leaving the judgment creditor utterly without remedy.

Argument is addressed to the point that the claim, interest, or right of the company to the deposited money became barred through failure to file a claim within the time fixed by the court for the filing of claims. An order was entered on November 11, 1935, directing that all claims to the fund be filed with the clerk on or before January 6, 1936. The petitions had been filed and the orders of impoundment made in Nos. 288, 980, and 1320 three years before that time and such orders were still in effect. The petitions set forth in detail the claim of the company to the fund, and the court has treated them as claims. It was unnecessary to go through the idle and useless ceremony of filing new claims after the order was made on November 11. The claim of Henry T. Clarke, trustee, was filed January 4, 1936, two days before the expiration date fixed in the order of November 11. The company filed objections to it on March 3, 1936. An order was entered on March 16, permitting the filing of amended objections, and they were seasonably lodged with the clerk. Assuming without deciding that the order of November 11 governed the time within which the objections must be filed, the subsequent order of March 16 superseded it as to them.

It is said that the court erred in holding that the fund in the registry of the court could be subjected to the payment of a judgment obtained in another action, because such fund was in custodia legis. It is widely held that, in the absence of a controlling statute, money or property in the custody of the law is not subject to attachment or garnishment issuing from another court. The obvious reason for the salutary doctrine is that such money or property is within the exclusive jurisdiction of the court having custody of it; and that to subject a clerk, receiver, or other representative of the court to process of that kind would interrupt the orderly progress of judicial proceedings, promote conflict of authority, and perhaps defeat the purpose for which it was taken into custody in the

**564**

first instance. But a clerk, receiver, or other representative of the court having money or property in custody may, with the consent of the court, be subjected to such process after the purpose for which it was taken into custody has ceased; and the question whether such purpose has terminated to the point that process of that kind will not interrupt the orderly progress of judicial proceedings or invade the jurisdiction of the court should be determined by the court whose officer has the property or money in custody. Bankers' Mortgage Co. v. McComb (C.C.A.) 60 F.(2d) 218. Here all of the cases were pending in the same court. The orders restraining withdrawal or disturbance of the money and directing the clerk to retain it operated as equitable garnishments; and it must be held that, in entering them, the court gave its consent that the clerk be subjected to such process, and determined that it would not disturb orderly judicial proceedings. The fact that Judge Symes, regularly assigned to the court, made such orders; is immaterial. He was the judge of the court with full power to act. Furthermore, Judge Kennedy found that "this court, and the judges thereof, have consented in said causes numbered 288, 980 and 1320, and also in this cause numbered 1181, to the entry of each of said orders and injunctions of December 10, 1932."

 The finding that the assignment was executed with the intent and purpose of hindering, delaying, and defrauding the creditors of Ella R. Clarke, particularly the company in the collection of its judgments, and for that reason was ineffectual to transfer title to the fund, is challenged. As previously stated, it fairly appears that Ella R. Clarke, a nonresident of Wyoming, owned no property in the state except an interest in the land on which the Boysen dam was located which was owned it as trustee for the Clarke Land & Loan Company, and the fund in the registry of the court; and the land was in litigation. The assignment was executed ten days after the filing of the petitions to impound the fund and two days before the date set for a hearing upon them. It ran to a relative and an attorney who had represented her and her husband in earlier stages of the litigation, as trustees; and she was a judgment debtor for a substantial sum at the time of its execution. These suspicious circumstances exacted explanation from the parties to the transaction and required close scrutiny by

the court. Walker v. Houghteling (C.C.A.) 120 F. 928; Evans v. Bell, 49 App.D.C. 238, 263 F. 634; Kitchen v. Canavan (C.C.A.) 22 F.(2d) 116; Platte County State Bank v. Frantz, 33 Wyo. 326, 239 P. 531. It would not serve a useful purpose to engage in an elaborate review of the evidence. It has been subjected to painstaking examination, and we think it abundantly sustains the finding.

■ A voluntary conveyance made with intent to hinder, delay, or defraud the creditors of the transferor is voidable and should be set aside when challenged on that ground. Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128; Empire Lighting Fixture Co. v. Practical Lighting Fixture Co. (C.C.A.) 20 F. (2d) 295. And such rule applies without regard to the knowledge of the transferee of the fraudulent objective. Boyle v. Gray (C.C.A.) 28 F.(2d) 7, certiorari denied 278 U.S. 653, 49 S.Ct. 178, 73 L.Ed. 563.

Other questions are argued. It is our conclusion that they are without substance. The decree is affirmed.