**REED MARKETING CORP., Plaintiff,**

v.

**DIVERSIFIED MARKETING, INC., et al., Defendants.**

No. 75 C 2409.

United States District Court, N. D. Illinois, E. D.

Sept. 16, 1976.

Martin J. Oberman and Steven H. Mora, Chicago, Ill., for plaintiff.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for garnishee, the United States.

## MEMORANDUM OPINION

DECKER, District Judge.

Garnishee-defendant H. Stuart Cunningham, Clerk of the United States District Court, Northern District of Illinois, has moved to quash the instant non-wage garnishment summons. The funds at issue are $7,500. posted with the garnishee-defendant as a bond by Morris Friedman. Friedman has been indicted by a Federal Grand Jury in Case No. 76 CR 841, and is awaiting trial. Prior to this the plaintiff had obtained a $30,000 default judgment against Friedman.

The garnishee-government asserts that the proposed garnishment is barred by the principles of sovereign immunity. Reed Marketing argues that this case does not pose any challenge to the government's title to these assets since it does not seek payment of the bond money until the terms and conditions of the bond have been fulfilled. The plaintiff relies heavily upon *Bank of Hawaii v. Benchwick*, 249 F.Supp. 74 (D.Haw.1966), in which the court permitted a garnishment of funds deposited with the court as bail pending appeal. It also relies on the decision of Judge McLaren in *U. S. v. Gundelfinger*, No. 73 CR 529 (N.D. Ill. 7/3/74), although it notes that question of sovereign immunity was only indirectly raised in that case.

Although the instant garnishment summons has been structured to avoid any challenge to the government's possessory interests in the bond deposit, it is not free of sovereign immunity difficulties. As the Supreme Court noted in *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963), the determination of when a suit is in fact against the sovereign is governed by the guidelines stated in *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947): "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." In recent years the second of these grounds for sovereign immunity, the

avoidance of interference with the performance of government functions, has come to be regarded as the stronger reason. See 59 *Harv.L.Rev.* 1060, 1061.

There can be little doubt that the transformation of the federal courts into collection agencies for judgment creditors would impede the judicial function. The government argues that the very purposes of a bail bond, the securing of the presence of the defendant, would be undermined if the defendant realizes that he cannot hope to recover his money even if he complies with the terms of the bond. The fact that the courts have other sanctions against such individuals would not eliminate the adverse impact on the effectiveness of this bond system. Equally unfortunate would be the increased costs of bond loans imposed upon indigent prisoners by lenders fearful that the prisoner would be unable to repay the loan in the event the bond were garnished.

Nor can it be gainsaid that the practice of allowing garnishment of moneys posted with the court would impose an additional litigational burden upon the already crowded federal dockets. In some cases serious questions of priority may be raised by competing creditors. Moreover, it is obvious that many of the criminal defendants who post bond in federal court are likely to be individuals with outstanding debts and default judgments, who are thus prime targets for a garnishment action. This in itself would create a substantial impediment to the federal court's functioning, and the problems would be only augmented by the logical extension of the garnishment principle to bonds posted for costs in civil cases, for security in injunction cases, and those posted on appeal.

The court therefore respectfully declines to follow *Benchwick* on the grounds that the proposed garnishment upon the clerk of this court would interfere with its judicial functions and thus is a suit against the sovereign barred by the principles of sovereign immunity. The motion of the garnishee-defendant to quash the instant garnishment summons is therefore granted.