CORPORATION COMPANY OF MIAMI

v.

CLEM MIKELIS, Defendant,

Joseph Bogart, as Clerk of the United States District Court, Southern District of Florida, Garnishee.

No. 78–3605–Civ–JLK.

United States District Court, S. D. Florida.

Feb. 28, 1979.

William J. Gallwey, Shutts & Bowen, Miami, Fla., for plaintiff.

Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for defendant.

ORDER GRANTING MOTION FOR
JUDGMENT ON THE
PLEADINGS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of the Garnishee, Joseph Bogart, as Clerk of the United States District Court, Southern District of Florida, for entry of judgment on the pleadings. After carefully reviewing the record, the court notes that the Plaintiff/Garnishee recognizes the general rule that moneys paid into the registry of the federal court are held *in*

*custodia legis,* and are not subject to garnishment, for to require a clerk of the court to respond in garnishment would interrupt the orderly progress of judicial proceedings and invade the jurisdiction of the court which had custody of the money. E. g. *Bankers Mortgage Co. v. McComb,* 60 F.2d 218, 220 (10th Cir. 1932); *Bank of Hawaii v. Benchwick,* 249 F.Supp. 74, 79–80 (D.Hawaii 1966).

As early as 1873, the Supreme Court found that such moneys are not subject to garnishment for they are not, "by law in the hands of the clerk nor of the judge, nor is the fund subject to the control of the clerk. . . ." *The Lottawanna,* 20 Wall. (87 U.S.) 201, 224, 22 L.Ed. 259 (1883). *Accord, Bucher v. Vance,* 36 F.2d 774 (7th Cir. 1929). See also *In re Casco Chemical Co.,* 335 F.2d 645, 649 (5th Cir. 1964). Rather, the moneys are deposited with the Treasurer of the United States or a designated depository in the name of or to the credit of such court. *The Lottawana, supra; Bucher v. Vance, supra.* 28 *U.S.C.* § 2041.

Plaintiff/Garnishor contends, however, that the *in custodia legis* doctrine is inapplicable here because the purposes of the law's custody have been accomplished. That is, it is contended that no purpose is being served by the retention of the $500.00 cost bond being held in *Miami Shipyards Corp. v. M/V "SeaLane",* 75–674–Civ–JE (S.D.Fla.), which plaintiff seeks to garnish herein. Therefore, plaintiff essays to invoke the doctrine set forth in *Bankers' Mortgage Co. v. McComb, supra* at 221, where the court stated that where the purposes of the custody have been accomplished, "garnishment will not interrupt the progress of judicial proceedings in such court nor invade its jurisdiction. The officer [then] holds the property not for the law but for the person entitled thereto . . . ."

The holding in *Bankers' Mortgage Co.* is, however, in apparent conflict with *Bucher v. Vance, supra,* where the Seventh Circuit affirmed the District Court's decision that funds in the court registry are not subject to seizure by a creditor, even after the clerk of the court had attempted to pay out these funds to the debtor, in whose favor a federal court judgment had been entered, and who had refused to accept the check sent him by the clerk of the court.

Similarly, *Bankers Mortgage* is in conflict with *The Lottawanna, supra.* It may conflict with *The Lottawanna* for the additional reason that even if there were minimal disruption with the judicial function by garnishment of funds which the court had no purpose in retaining, this would not change the Supreme Court's pronouncement therein that the funds were not by law in the hands of the clerk or judge. 87 U.S. at 224. In light of *The Lottawanna* and 28 *U.S.C.* § 2041, it may be that the only parties which could conceivably be subject to a writ of garnishment would be the Treasurer of the United States or the depository institution in which the funds were held.

This court need not, however, resolve these legal conflicts, for it shall take judicial notice of the fact that in *Miami Shipyards Corp. v. M/V "SeaLane", supra,* there is pending plaintiff's November 30, 1978 motion for entry of a $250.00 judgment on the cost bond therein. Therefore, it is not the case that there is no purpose in retaining that cost bond *in custodia legis.* The purpose for its deposit has not been accomplished.

In such a situation where there is an ongoing governmental or judicial purpose in the retention and disposition of the cost bond, not only is the *Bankers Mortgage* exception to the *in custodia legis* doctrine inapplicable, but the doctrine of sovereign immunity would also quite clearly proscribe the attempted garnishment. *Reed Marketing Corp. v. Diversified Marketing,* 419 F.Supp. 125 (N.D.Ill.1976). Indeed, it appears that a waiver of sovereign immunity would be necessary before the cost bond and the clerk of this court could be the proper subjects of a garnishment proceeding. *Cf.* 42 *U.S.C.* § 659 (wherein the United States consented to be subject to legal process brought to attach its employees' wages in order to enforce any such employees' child support or alimony payments).

 The legislative history of 42 *U.S.C.* § 659 shows that this statute was enacted to effect a limited waiver of sovereign immunity necessitated by case law which had found that sovereign immunity barred attachment or garnishment proceedings against the United States Treasury or its Disbursing Officers who were obligated to pay out moneys to employees with outstanding debts stemming from child support or alimony obligations. 1974 *U.S.Code Cong. and Admin.News* pp. 8133, 8157 (Senate Committee on Finance Report No. 93–1356). There is no similar statute waiving sovereign immunity with respect to garnishment of cost bonds posted in the federal courts. The United States has not consented to be subject to such garnishment processes which would divert the normal course of disbursement of court cost bonds.

The case of *Bank of Hawaii v. Benchwick, supra,* on which Plaintiff/Garnishor heavily relies is factually distinguishable from the instant case. In that case, the court held that it could and would, in its discretion, allow a bank to maintain an action to impress a trust on $10,000.00 deposited with the court as security for bail pending appeal, where the bank alleged that the same $10,000.00 was actually money which had been fraudulently obtained from the bank by the defendant who posted the security. That court's decision was strongly influenced by the unique facts before it and by the concomitant desire of the court to exercise its "discretion" to serve the interests of justice by helping the bank recover the $10,000.00 out of which it had been defrauded by the defendant, who had posted the bond in connection with his conviction for said fraud. *Id.* at 81–2, 84.

The instant case presents no such unique facts. Moreover, this court disagrees with the analysis of sovereign immunity in *Bank of Hawaii.* See *Reed Marketing Corp. v. Diversified Marketing, supra,* as well as the preceding discussion of sovereign immunity. The governmental and judicial purposes to be served by deposit of the cost bond are important and worthy of protection by the doctrine of sovereign immunity where such purposes have not yet been accomplished.

The focus by the *Bank of Hawaii* court on the lack of governmental proprietary interest in the subject funds disregards other important judicial and governmental interests to be served by the retention of a cost bond and an appearance bond pending appeal of a criminal conviction—*i. e.* securing an award of costs in a civil case and securing a defendant's appearance in a criminal case. See *id.* For the foregoing reasons, the court does now

ORDER AND ADJUDGE that the motion is granted. Final Judgment is hereby entered in favor of Garnishee.

DONE AND ORDERED in chambers in Miami, Florida, this 28 day of February, 1979.