**AMERICAN EXCHANGE LIFE INSURANCE CO.**

v.

**William G. PUTNICKI.**

**No. DR–79–CA–7.**

United States District Court, W. D. Texas, Del Rio Division.

Oct. 24, 1980.

Stigall, Maxfield & Collier by John F. Maxfield, Dallas, Tex., for plaintiff.

Jeremiah Handy, Asst. U. S. Atty., W. D. of Texas, San Antonio, Tex., for defendant.

## ORDER GRANTING MOTION FOR RECONSIDERATION AND DISMISSING ACTION

SUTTLE, Senior District Judge.

Pending is the defendant-garnishee's motion for reconsideration of an order denying a motion to dismiss this action on the ground that it is barred by sovereign immunity. The undisputed facts are as follows:

American Exchange Life Insurance Company holds a valid personal judgment rendered against Dwight Parks on October 29, 1970, in the amount of $94,372.98, plus interest and costs of suit, in Cause No. 67–4951–E in the District Court for the 101st Judicial District of Dallas County, Texas. The judgment has not been paid.

Dwight Parks was arrested on a federal criminal charge on March 27, 1978, and he initially posted as bail $50,000 in cash in the registry of the United States District Court

for the Western District of Texas. The cash deposit was subsequently reduced to $10,000, which sum is still on deposit in the registry of the Court.

On July 19, 1978, Dwight Parks, having been convicted of the federal criminal charge, was sentenced. He was denied bail pending appeal. Because bail was denied, the United States has no further interest in maintaining the bond and had none on August 24, 1978. The conviction of Dwight Parks was appealed, and the conviction was affirmed by the United States Court of Appeals for the Fifth Circuit on August 17, 1979.

On August 15, 1978, American Exchange Life Insurance Company filed an application for writ of garnishment in Cause No. 78–7891, styled American Exchange Life Insurance Company vs. William G. Putnicki, District Clerk of the United States District Court for the Western District of Texas, in the 101st Judicial District Court, Dallas County, Texas. A writ was issued by the District Clerk of Dallas County, Texas, on August 16, 1978. On August 24, 1978, the writ was served on William G. Putnicki, who was then acting District Clerk of the United States Court for the Western District of Texas.

Putnicki removed the garnishment action to the United States District Court for the Northern District of Texas, and such cause was given Number 3–78–1144–F. Putnicki filed a motion to dismiss, and American Exchange Life Insurance Company filed a motion to remand in Cause No. 3–78–1144–F. On February 23, 1979, both motions were denied, and the cause ordered transferred to the United States District Court of the Western District of Texas.

Putnicki has now asked this court to reconsider the summary order denying the motion to dismiss. That motion is premised on the contention that this action is barred on grounds of sovereign immunity.

Relying principally on *Bank of Hawaii v. Benchwick*, 249 F.Supp. 74 (D.Hawaii 1966), the plaintiff-garnishor maintains that, when the purpose for which the cash bond was deposited has been accomplished, the

United States has no further interest in the bond funds, and an action to garnish such funds is not barred by principles of sovereign immunity. This court rejects such an argument. *See Reed Marketing Corp. v. Diversified Marketing*, 419 F.Supp. 125 (N.D.Ill.1976); *Corporation Co. of Miami v. Mikelis*, 467 F.Supp. 826 (S.D.Fla.1979).

This court recognizes that common justice is on the side of the plaintiff-garnishor. The plaintiff-garnishor has a judgment that should be satisfied. Yet the law of sovereign immunity is a bar to simple justice in this case. In effect, the law prevents this court from being a collection agency. Finding the motion for reconsideration to be well taken, this court grants it. This action is dismissed on the ground that it is barred by the principle of sovereign immunity. The Clerk will enter judgment.

Under Rule 62(a), F.R.Civ.P., the court will sign no order releasing any funds in the registry of the court until at least 10 days after entry of this order. Within that time, if it so desires, the plaintiff-garnishor may file a motion for stay upon appeal under Rule 62(d).

So ordered.