Estherlene HOLMES, Petitioner,

v.

John STARK, Respondent.

No. 82 C 5274.

United States District Court,
N.D. Illinois, E.D.

April 29, 1983.

Estherlene Holmes, pro se.

Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Petitioner Estherlene Holmes brings this petition for a writ of mandamus against the respondent John Stark, an employee of the Internal Revenue Service. Ms. Holmes complains that Mr. Stark, acting in his capacity as an agent of the United States, has failed to perform certain duties required of him by law. Since it is evident that it is the United States rather than Mr. Stark individually against whom Ms. Holmes seeks relief, this Court will treat the United States as the respondent in this action. *Cf. Reed Marketing Corp. v. Diversified Marketing, Inc.*, 419 F.Supp. 125 (N.D.Ill.1976) (in garnishment action, clerk of court named as garnishee-defendant stands in shoes of United States). The respondent has moved to dismiss this action, and for the reasons given below the motion is granted.

The essence of petitioner's claim is that the respondent has assessed and is attempting to collect a penalty of $500 pursu-

ant to 26 U.S.C. Section 6682, but that the respondent has failed to perform certain ministerial duties which will result in the deprivation of petitioner's property without due process of law. In brief, petitioner filed an Employee's Withholding Allowance Certificate (Form W–4) in which she claimed to be exempt from federal tax withholding. Pursuant to Section 6682, the United States determined that the petitioner's statement resulted in a decrease in the amounts deducted and withheld, and that at the time the W–4 form was filed the petitioner had no reasonable basis for her claim of exemption. Therefore, the United States assessed the statutory penalty of $500 against the petitioner. In her petition for writ of mandamus, filed *pro se*, Ms. Holmes claims that Section 6682 is not applicable, and that under 28 U.S.C. Sections 6212 and 6213, she had a right to litigate any liability prior to any deprivation of her property.

█ At the outset, the Court recognizes that *pro se* complaints are to be liberally construed. *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir.1982) (*per curiam*). In this connection, the Court notes that in her brief filed in response to the motion to dismiss, Ms. Holmes has demonstrated more than a basic understanding of statutory construction and the application of case law. Of course, a motion to dismiss may not be granted unless "it is beyond doubt that there is no set of facts under which [the complainant] could obtain relief." *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir.1982).

█ Second, there are three recognized standards which must be met for the Court to invoke its mandamus jurisdiction:

Mandamus may properly issue only when three elements are present:

(1) a clear right in the plaintiff to the relief sought;

(2) a plainly defined and peremptory duty on the part of the defendant to do the act in question;

(3) no other adequate remedy available.

*American Healthcare Corp. v. Schweiker*, 688 F.2d 1072, 1084 (7th Cir.1982), citing and quoting *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir.1972), and *Cervoni v. Secretary of Health, Education and Welfare*, 581 F.2d 1010, 1019 (1st Cir.1978).

█ The motion to dismiss must be granted for two reasons. First, the doctrine of sovereign immunity bars a suit against the United States unless the government has consented to such an action. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). The petitioner has not alleged any consent by the United States to this kind of mandamus action, and the Court cannot find that the government has consented to it. Therefore, the action is barred.

█ Second, the petitioner cannot state a mandamus action here. Essentially, the petitioner claims that she had the statutory right to be informed of this liability and to contest it prior to the government assessing the penalty against her. In support of her position, the petitioner invokes the deficiency sections of the Internal Revenue Code, 26 U.S.C. Sections 6212 and 6213. However, Section 6682(c) states that "Subchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and certain excise taxes) shall not apply in respect to the assessment or collection of any penalty imposed by subsection (a)." Subchapter B of chapter 63 includes Sections 6212 and 6213. Therefore, the statute is clear that the petitioner has no right to expect the government to comply with Sections 6212 and 6213, since the applicable statute explicitly exempts such application. Therefore, the petitioner cannot show a clear right to the relief she seeks; further, there is no duty imposed on the United States by the applicable law to "do the act in question." Instead, the opposite is clearly the case.

█ Finally, the petitioner clearly has a remedy apart from this mandamus action which is entirely adequate. She may file a refund suit, since under 26 U.S.C. Section 6671(a) the penalty imposed here under

Section 6682(a) is considered to be a "tax". Such a refund suit meets the constitutional requirements of due process. *See Lewin v. Commissioner of Int. Rev.*, 569 F.2d 444, 445 (7th Cir.1978).

In her Answer to the motion to dismiss, the petitioner seems to urge this Court to find that her actions are protected by the First Amendment guarantee providing that "Congress shall make no law ... abridging ... the right of the people ... to petition the Government for a redress of grievances." The Court does not understand how the assessment of this $500 penalty by the United States abridges the petitioner's freedom to ask the government for relief from the requirements imposed by the Internal Revenue Code, or for its abolition altogether (if this is what petitioner desires).

THEREFORE IT IS ORDERED that

1. Respondent's motion to dismiss is granted.

2. The petition for writ of mandamus is dismissed.