**Nataliya Mikhaylovna FOX, Plaintiffs,**

v.

**ENCOUNTERS INTERNATIONAL, INC. Defendants.**

**No. CIV. WDQ–02–1563.**

United States District Court,
D. Maryland,
Northern Division.

Nov. 8, 2005.

Randall K. Miller, David M. Orta, Brian Eric Bowcut, Ross S. Goldstein, Arnold and Porter LLP, Washington, DC, for Plaintiffs.

Paul Howard Zukerberg, Law Offices of Paul H. Zukerberg, Albert Thomas Morris, Stephen W. Grafman, Kirkpatrick and Lockhart LLP, Washington, DC, Gloria Wilson Shelton, J. Joseph Curran, Jr., Office of the Attorney General of Maryland, John Walter Sippel, Jr., Office of the United States Attorney, Baltimore, MD, for Defendants.

MEMORANDUM OPINION

QUARLES, District Judge.

On June 7, 2005 the Clerk of this Court issued a Writ of Garnishment to the Clerk of the Court of Montgomery County (the "Garnishee") in the amount of $445,579.33.

Pending is the Garnishee's Motion to Dismiss the Writ of Garnishment and the Plaintiff's objection to Magistrate Judge James K. Bredar's Report and Recommendation (the "Report") of September 30, 2005. Having reviewed the Report *de novo*, the Court will overrule the Plaintiff's objections, adopt the Report and grant the Garnishee's motion to dismiss.

Background

Plaintiff prevailed in the underlying dispute and was awarded a judgment in the amount of $433,500.00 and attorney's fees of $6,250.00. In order to enforce the judgment the Clerk of this Court issued a writ of garnishment seeking to levy on property held in the registry of the Court of Montgomery County in the case of *Spivack v. Spivack*, a domestic relations action involving Natasha Spivack, a defendant and judgment creditor in this case.[1] The Garnishee has moved to dismiss the Writ on the grounds that the property is *custodia legis* and therefore is not subject to garnishment.

Judge Bredar considered the motion and issued his Report; concluding that· the funds were *custodia legis*. Accordingly, Judge Bredar recommended that the motion to dismiss the Writ of Garnishment be granted.

Plaintiff has objected to the Report arguing that *custodia legis* terminates once the court in possession of the property orders its distribution and therefore the funds held by the Court of Montgomery County could be garnished.

II.  Analysis

A.  Standard of Review

When objections are made to a magistrate's recommendations on dispositive matters, the reviewing "judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C), *see also Aluminum Co. of Am., Badin Works v. U.S. Envtl. Prot. Agency*, 663 F.2d 499, 502 (4th Cir.1981). The judge may then accept, reject, or modify the Magistrate Judge's·findings and recommendations, in whole or in part. 28 U.S.C. § 636(b)(1)(C). The court may also receive further evidence or return the case to the Magistrate Judge with instructions. *Id.*

B.  Custodia Legis

■ It is generally held that funds deposited in the registry of a court are *custodia legis* and not subject to garnishment. *See The Lottawanna*, 87 U.S. 201, 20 Wall. 201, 22 L.Ed. 259 (1873); *White v. F.D.I.C.*, 19 F.3d 249 (5th Cir.1994); *United States v. Rubenstein*, 971 F.2d 288 (9th Cir.1992); *United States v. Van Cauwenberghe*, 934 F.2d 1048 (9th Cir.1991); *Clarke v. Chicago B. & Q.R. Co.*, 91 F.2d 561 (10th Cir.1937); *Bucher v. Vance*, 36 F.2d 774 (7th Cir.1929). This doctrine is based on "the desirability of avoiding a clash between judicial jurisdictions which would result from any attempt to use the process of one to seize assets in the control of another judicial authority." *Van Cauwenberghe*, 934 F.2d at 1063.

■ It is less well settled, however, when *custodia legis* terminates. Plaintiff argues that once the court in the underlying case makes a determination of the rights of the parties and orders distribution, there is no danger of interference and therefore garnishment should be allowed. There is abundant support, however, for

---

1.  On June 7, 2005 the Circuit Court for Montgomery County entered an order providing for the disbursement of funds held in *Spivack* and on June 17, 2005 the funds were disbursed. The account balance of the registry is now zero.

the view that funds remain in *custodia legis* until they are distributed. *The Lottawanna,* 87 U.S. 201, 20 Wall. 201, 22 L.Ed. 259; *Osborn v. United States,* 91 U.S. 474, 1 Otto 474, 23 L.Ed. 388 (1875); *U.S. v. Van Cauwenberghe,* 934 F.2d 1048 (9th Cir.1991); *Resolution Trust Corp. v. Heritage Financial Corp.,* 1991 WL 136341 (10th Cir.1991); *Landau v. Vallen,* 895 F.2d 888 (2nd Cir.1990); *Bucher,* 36 F.2d 774. Although not controlling, Maryland courts are in accord. *Dale v. Brumbly,* 98 Md. 468, 56 A. 807 (1904).

Courts barring garnishment until after distribution have grounded their decisions on the belief that courts should be free to operate without interference from other courts. As the Maryland Court of Appeals held in *Dale,*

> Great public inconvenience would arise if money could be thus arrested in the hands of [public] officers, and they be made liable to all the delay, embarrassment, and trouble that would ensue from being estopped in the routine of their business—compelled to appear in court, employ counsel, and answer interrogatories, as well as take care that the proceedings are regularly carried on.

56 A. at 809.

In light of these concerns and the relevant case law, the Court will adopt Judge Bredar's Report and Recommendation and bar garnishment of funds held in the registry of the Court of Montgomery County. Accordingly, the Court will overrule the Plaintiff's objections and dismiss the Writ of Garnishment.

### ORDER

Upon review of the Magistrate Judge's report and Recommendation entered September 30, 2005, and the plaintiff's objection filed thereto, it is this 8th day of November, 2005, ORDERED that:

1. The Magistrate Judge's Report and Recommendation BE, and hereby IS, ADOPTED.

2. The Plaintiff's objections BE, and HEREBY are OVERRULED.

3. The Garnishee's Motion to Dismiss the Writ of Garnishment BE, and hereby IS, GRANTED.

4. The Clerk of the Court will send copies of this Order to counsel for the parties and to Magistrate Judge James K. Bredar.

### *REPORT AND RECOMMENDATION*

BREDAR, United States Magistrate Judge.

This post-judgment matter has been referred to me for a Report and Recommendation. A Motion to Dismiss Writ of Garnishment (Paper No. 329) has been filed by the garnishee, the Clerk of Court of Montgomery County, Maryland. The issue has been fully briefed (Papers No. 332 and 333), and no hearing is necessary. Local Rule 105.6. For the reasons set forth below, it is recommended that the motion be granted.

### I. *Background*

The underlying dispute in this case was tried to a jury in November 2004, and a verdict was returned in favor of the plaintiff. The Court, on November 24, 2004, entered judgment in favor of the plaintiff against the defendants in the amount of $433,500.00. (Paper No. 294).[2] On March 4, 2005, the Court further entered judgment in favor of the plaintiff and against the defendants, this time for attorney fees in the amount of $6,250.00. On June 7, 2005, pursuant to plaintiff's request (Paper

---

**2.** The judgment is on appeal to the U.S. Court of Appeals for the Fourth Circuit.

No. 321), the Clerk of this Court issued a writ of garnishment (Paper No. 323) to Molly Ruhl, Clerk of the Circuit Court for Montgomery County, Maryland, in the amount of $445,579.33,[3] seeking to levy on property held in the registry of that court in the case of *Spivack v. Spivack,* a domestic relations action in which a defendant and judgment debtor in this case, Natasha Spivack, is a party. The garnishee seeks dismissal of the writ on the ground that the property is *custodia legis* and not subject to attachment.[4]

## II. Analysis

At first blush, it might appear that the issue in this matter is the proper scope of Fed.R.Civ.P. 69, which provides *inter alia* that the procedure on execution of a judgment shall be in accordance with the practice and procedure of the state in which the District Court is held, in this case Maryland. The seminal case in Maryland on the issue of attempted garnishment of funds held in the registry of a state court—property held *custodia legis*—is *Dale v. Brumbly,* 98 Md. 468, 56 A. 807 (Md.1904), which sets forth the public policy of Maryland exempting public officers in general, and court clerks in particular, from the process of attachment.[5] The logical underpinnings of that policy were stated as follows:

[G]reat public inconvenience would arise if money could be thus arrested in the hands of officers, and they be made liable to all the delay, embarrassment, and trouble that would ensue from being estopped in the routine of their business—compelled to appear in court, employ counsel, and answer interrogatories, as well as take care that the proceedings are regularly carried on. If precedent of this kind were set, there seems to be no reason why the state or county treasurer or other fiscal officers of the commonwealth or municipal bodies, may not be subjected to levying attachments, which has never been attempted, nor supposed to come within the attachment law.

*Id.,* at 809. In sum, the doctrine of *custodia legis* is not simply an arcane procedural oddity but rather is a substantive protection against real and serious interference with the public business, the like of which is represented by the past and potential efforts of the plaintiff herein.

The plaintiff, in opposition to the instant motion, distinguishes *Dale* because the judgment at issue in that case was not obtained in federal court. Plaintiff advances the notion that the doctrine of *custodia legis*—literally, property in the custody of the law—is without force against a federal judgment and relies upon *U.S. v.*

---

**3.** The total of the judgments plus post-judgment interest.

**4.** It is important to note that there presently appears to be *no balance* in the state court registry for the case of *Spivack v. Spivack.* Review of the papers in this case and judicial notice of public records in the Montgomery County Circuit Court yields the following information: on June 7, 2005, the Circuit Court for Montgomery County entered an order providing for disbursement of the funds held in the Court registry in *Spivack v. Spivack;* on June 10, 2005, the Court disbursed those funds and the account balance was reduced to zero; also on June 10, 2005, at 11:20 a.m.,

the Montgomery County Clerk of the Court was served with a writ of garnishment entered by our Court. Accordingly, it appears that the only purpose to be served by resolution of the issue at hand, from the plaintiff's standpoint, is the preservation of a hypothetical cause of action that the plaintiff might maintain against the clerk of the state court for disbursing the funds from the *Spivack v. Spivack* registry account.

**5.** Plaintiff refers to the case with some disdain in respect to its age, but its rule remains good law in Maryland.

*Harkins Builders, Inc.,* 45 F.3d 830 (4th Cir.1995), among other cases, for the general proposition that Rule 69 does not allow the federal policy of affording judgment creditors a right to enforce money judgments to be swallowed whole by state procedural rules. Indeed, *Harkins* contains the following language:

> Since the judgment in this case was obtained in the Eastern District of Virginia, and its enforcement was initiated in that district, Virginia's practice and procedure is borrowed by federal rule for the purpose of enforcing the judgment through a writ of execution. Even though we look to state law to determine the practice and procedure to be followed in the execution of a judgment, we do so in furtherance of federal law, giving effect to rules entitling parties to enforce federal judgments in federal courts. Consequently, any aspects of the assimilated practices that are uniquely designed to enforce *state* judgments, are not assimilated, *nor is any aspect that may be inconsistent with the federal policy of affording judgment creditors the right of a writ of execution to enforce money judgments in federal courts.*

(*Id.,* at 832) (initial emphasis in original; latter emphasis supplied). Arguably, then, the Maryland rule of law regarding the application of *custodia legis* will not be assimilated into federal practice in this case through the engine of Rule 69.

The doctrine of *custodia legis,* however, is not solely a creature of Maryland law, and it does not rely upon Maryland law alone for its vitality. The general rule in federal jurisprudence and across the various states is that, absent statute to the contrary, property deposited in the registry of the court is *custodia legis* and not subject to garnishment. *See, The Lotta-*

*wanna,* 20 Wall. 201, 87 U.S. 201, 22 L.Ed. 259 (1873); 38 C.J.S. Garnishment S46; 6 Am.Jur.2d Attachment and Garnishment s201; 1 A.L.R.3d 936. Accordingly, to say that Rule 69 is not effective to assimilate Maryland law in this case is not to resolve the issue. The doctrine of *custodia legis* stands on its own legs, insulating these funds regardless of the reach or limit of Rule 69 and the Maryland procedures therein assimilated.

Of greater moment is the issue of when, if ever, funds remaining in the registry of a court cease to be *custodia legis.* There is a division of authority on that issue, one view being that *custodia legis* terminates once the court in possession of the property determines and orders the appropriate distribution of that property and another being that the property is *custodia legis* until the distribution occurs. Numerous holdings in federal cases on point support the latter view, grounded primarily on the notion that a court in custody of property may distribute it free from interference by other courts. *See, The Lottawanna,* 20 Wall. 201, 87 U.S. 201, 22 L.Ed. 259 (1873); *Osborn v. United States,* 91 U.S. 474, 23 L.Ed. 388 (1875); *Short v. United States,* 37 Fed. Cl. 132 (1996); *Landau v. Vallen,* 895 F.2d 888 (2d Cir.1990); *Bucher v. Vance,* 36 F.2d 774 (7th Cir.1929); *Resolution Trust Corp. v. Heritage Financial Corp.,* 1991 WL 136341 (10th Cir.(Colo.)(unpublished)).[6] Whether grounded in principles of comity or federalism, or recognizing more workaday practical considerations regarding the potential for plunging Court clerks into a morass of conflicting orders and interests, there is sound basis for leaving Courts alone to do their business. It is recommended that this well-supported view be adopted here, *i.e.,* that property held in a court registry

**6.** That view, as noted above, is mirrored in the controlling Maryland case on the issue.

is *custodia legis* and at no time during that residency is it subject to garnishment orders from another court, and that the motion to dismiss the writ of garnishment issued by this Court be granted.

Dated this 30th day of September, 2005.